**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROBERT FLEMING,**

    **Plaintiff,**

v.                                        Case No.: 8:11-CV-2578-T-27EAJ

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Before the Court are Plaintiff Robert Fleming's ("Plaintiff's") **Amended Petition for All Writs Act Injunction** (Dkt. 30),[1] the Acting Commissioner of Social Security's ("Commissioner's") **Defendant's Response to Plaintiff's Amended Petition for All Writs Act Injunction** (Dkt. 32), and Plaintiff's **Reply to Defendant's Response of October 2, 2014, to the Amended Petition for an All Writs Act Injunction** (Dkt. 35).

Background

On April 1, 2013, the Court entered judgment in favor of the Commissioner, affirming the Commissioner's denial of Social Security benefits to Plaintiff. (Dkt. 20)  Plaintiff appealed, and, on December 17, 2013, the United States Court of Appeals for the Eleventh Circuit vacated the order of, and remanded the case to, this Court;  the Eleventh Circuit directed the Court to remand the case to the Administrative Law Judge ("ALJ") to give proper weight to all medical opinions presented at the administrative hearing. (Dkt. 23)  On February 20, 2014, the Eleventh Circuit entered its

---

[1] Plaintiff's initial Petition for All Writs Act Injunction (Dkt. 26) was denied without prejudice for failure to comply with Local Rule 3.01(a), M.D. Fla. (Dkt. 27)

mandate. (Dkt. 24)

On March 20, 2014, before any further action was taken by the Court, the Appeals Council remanded the case to the ALJ. An April 14, 2014, notice from the Office of Disability Adjudication and Review instructed Plaintiff to provide relevant medical evidence for review, stating, "we will review your case to determine if we can make a fully favorable decision without holding a hearing. If we cannot make a decision on the record, we will schedule your case for hearing." (Dkt. 30 Ex. 3 at 3)  On June 12, 2014, the ALJ issued an unfavorable decision without holding a hearing or giving notice to Plaintiff.  On June 13, 2014, the Court remanded the case to the ALJ as instructed by the Eleventh Circuit.

Plaintiff asserts that, as it has not entered judgment, the Court has not relinquished jurisdiction. Plaintiff also contends that the ALJ improperly issued the decision without holding a hearing or providing notice to Plaintiff, notwithstanding the April 14, 2014 notice stating a hearing would be scheduled unless a favorable decision could be entered. Finally, Plaintiff argues that the ALJ's conduct, including the tone and demeanor reflected in the ALJ's decisions, demonstrates bias and a fundamental lack of fairness.[2]  Plaintiff asks the Court to issue an injunction, pursuant to the All Writs Act, 28 U.S.C. § 1651, rendering the March 2014 order of the Appeals Council and the June 2014 decision by the ALJ null and void. Plaintiff also asks the Court to include instructions mandating a new hearing before a new, unbiased ALJ.

The Commissioner contends that even if the Appeals Council and the ALJ acted prematurely while the Court retained jurisdiction, the action was harmless because the Appeals Council and ALJ

---

[2] Plaintiff states that the ALJ's decisions were condescending and portray the Plaintiff as an "outrageous liar," and that the ALJ is widely known for disregarding the orders of the District Court and the Eleventh Circuit.

complied with the remand orders. The Commissioner asserts that vacating the actions of the Appeals Council and ALJ would not change the administrative decision and would waste judicial and agency resources. Further, the Commissioner argues that a new hearing was not required and that Plaintiff failed to prove disqualifying bias on the part of the ALJ.

## Analysis

The All Writs Act provides, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Act codifies the federal courts' traditional and inherent power to protect its jurisdiction and allows federal courts to safeguard ongoing and potential future proceedings, as well as orders and judgments previously issued. Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1099 (11th Cir. 2004). A party seeking an All Writs Act injunction "must simply point to some ongoing proceeding, or some past order or judgment, the integrity of which is being threatened by someone else's action or behavior." Id. at 1100.

Here, asserting the Appeals Council and the ALJ lacked subject matter jurisdiction to proceed absent a judgment from the district court, Plaintiff asks the Court to vacate the ALJ's June 12, 2014, opinion. Plaintiff argues the actions of the Appeals Council and the ALJ undermine the integrity of the Court and states that the Court must issue an All Writs Act injunction, as a matter of law, to exercise its own jurisdiction and enforce its orders.

However, the Court's power under the Act is discretionary. Rosner v. United States, 517 F. App'x 762, 766 (11th Cir. 2013) (per curiam) (unpublished) (The All Writs Act "gives the district court the discretion to issue an injunction" when the integrity of a proceeding or past order or

judgment is threatened.);[3] U.S. v. Baussan, No. 6:03-cr-184-Orl-19GJK, 2011 WL 3715082, at *2 (M.D. Fla. Aug. 24, 2011) ("The issuance of a writ pursuant to the All Writs Act, 28 U.S.C. § 1651, is a matter within a court's sound discretion."). Further, an All Writs Act injunction is an extraordinary remedy, Wisconsin Right to Life, Inc. v. Fed. Election Comm'n, 542 U.S. 1305, 1306 (2004), and the Court may not issue an All Writs Act injunction if the movant has an adequate remedy at law. Alabama v. U.S. Army Corps of Eng'rs, 424 F.3d 1117, 1132 (11th Cir. 2005). "Generally, if a party will have opportunity to raise its claims in the concurrent federal proceeding sought to be enjoined, that concurrent proceeding is deemed to provide an adequate remedy at law." Id.

Plaintiff admits that the jurisdiction of the Appeals Court has expired and that he may now invoke the Court's jurisdiction by filing a complaint in federal court. He merely states that the complaint could not adequately address the premature actions taken by the Appeals Council and the ALJ. Without more, Plaintiff has failed to show that he has forfeited his right to appeal from the adverse decision or that the federal court, upon Plaintiff's filing of an appropriate complaint, could not address the jurisdictional issue he has raised in this motion.

Nor has Plaintiff demonstrated that seeking an All Writs Act injunction is an appropriate procedure for challenging the ALJ's decision on grounds of bias. The Social Security Act sets forth the proper procedure for alleging bias. If a plaintiff objects to the administrative law judge assigned to conduct the hearing in his case, he "must notify the administrative law judge at the earliest opportunity;" the ALJ may then choose whether or not to withdraw. 20 C.F.R. § 404.940. If the

---

[3] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

ALJ does not withdraw from the case, the plaintiff may raise the issue before the Appeals Council. Id. Where objectionable comments are made in an ALJ's opinion, a plaintiff's earliest opportunity to object is before the Appeals Council. See, e.g., Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam). A plaintiff waives his claim of bias if he does not raise it as provided by 20 C.F.R. § 404.940. Stokes v. Astrue, No. 8:08-cv-1657-T-23HTS, 2009 WL 2216785, at *14 (M.D. Fla. July 23, 2009). In this case, Plaintiff has not demonstrated that he is unable to assert bias by the ALJ through the routine appeals process.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff's Amended Petition for All Writs Act Injunction (Dkt. 30) be **DENIED**.[4]

**Date: January 9, 2015.**

_____
ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party

---

[4] Should Plaintiff demonstrate through a supplemental filing that he is unable to proceed with the jurisdiction or bias issues on appeal, and that he therefore has no adequate remedy at law, it may be appropriate for the Court to consider the recommended denial of Plaintiff's Amended Petition.

from attacking the factual findings on appeal.  See 28 U.S.C. § 636(b)(1).

Copies to:

Counsel of Record

District Judge